Thank you. May it please the court. Good morning. I'm Stephen Spiegel representing Isauro Munoz. This case is about the congressionally mandated goal of eliminating employment discrimination through voluntary settlements and the role of the federal courts, district courts, in enforcing those settlements. The plaintiff submits that the district court made findings of fact which are unsupported or contrary to the evidence in the record, and that the legal conclusions are contrary to the controlling law of summary judgment and federal common law on enforcement of settlements. Accordingly, the grant of summary judgment to the Naval Base should be reversed, and the case should be remanded for trial. Mr. Munoz has been a weapons technician at the Naval Repair Ship Facility in Japan since 1987. Over the course of time, the Navy has phased out the aging missile and rocket systems, which Mr. Munoz was the lead technician for maintaining, and replaced them with the modern Vertical Launch Missile System, referred to by the acronym as the VLS Missile System, which is currently in use and has been being used since the 1990s. However, while the Navy modernized its weapons systems, its supervisors refused to provide Mr. Munoz with the training required by their own training regulations and by the position description written by the Navy to provide him with training to keep up to date with the corresponding weapons systems. Counsel, this is Judge Rawlinson. Yes, Your Honor. I have a question. Are you seeking to enforce the predetermination settlement agreement on behalf of your client? Yes, we are. So, I have a question as to whether or not there is subject matter jurisdiction in the agreement. I understand the Court wanted us to address that. I'd be glad to turn to that now. In particular, the Court asked that we address the Tenth Circuit case of Lindstrom versus the United States, and with all respect to the Tenth Circuit, that Court did not address the current Ninth Circuit law, nor the reasoning provided consistent with other circuits as well as the Supreme Court. The Supreme Court has held that cooperation and voluntary compliance through settlements are the congressionally preferred means of assuring the quality of employment opportunities by eliminating discriminatory practices. This is Judge Hawkins. Counsel, has the Supreme Court addressed the issue that Judge Rawlinson is referring to, that is whether breach of the predetermination settlement agreement is subject matter jurisdiction in the federal courts? The Supreme Court didn't address it directly, but indirectly on the subject of settlement agreements being preferred means for addressing this, and the Supreme Court addressed that in the decision in Alexander versus Gartner Denver Company in 1974. The Ninth Circuit in Blank versus Donovan likewise addressed that Supreme Court case in holding that EEO settlements are enforced. Was that a predetermination settlement agreement? I believe it was in Blank in the Ninth Circuit case. How do you square your position with the regulation that talks about the complaint of being able to ask for an agreement to be enforced, but that if that doesn't turn out basically you reinstate the claim processing? I don't believe that's what the regulation states. The regulation states 29 CFR 1614 504 A provides that the employee make a choice of remedies to either seek to enforce the agreement or they have the choice of starting de novo with the underlying claims that were settled. The regulations go on including subsection B of 504 that an important part of the 504 process is the employee has to notify the agency with whom the settlement was with that they believe there's a breach and give that agency the opportunity to either implement the agreement, redress the breach, or state its reasons, and none of those obligations were fulfilled by the Navy in this case, which is the root of the problem. But 504 B provides that if the employee is not satisfied with the agency's addressing or lack of addressing the breach, then the employee may file what they call an appeal, which is actually an enforcement action to the commission. If the employee is then not satisfied with the commission's resolution of it, the employee is issued a right to sue letter to proceed to federal district court. That's been the policy for almost 20 years and it's been consistently applied by the commission. Does that happen with respect to the items covered by the predetermination settlement agreement? I'm sorry, I didn't hear the second word. Is that what? Has what you just described happen with respect to the matters covered by the predetermination settlement agreement? Yes, Mr. Munoz fully complied with the exhaustion requirements. He has a right to sue letter from the EEOC to enforce a breach of the settlement agreement? He had the right to sue letter to proceed to court after the commission reviewed the question of the breach. Either I'm not being clear or you're not listening. Let me try it again. Has the EEOC issued your client a right to sue letter covering his claim that the settlement agreement has been breached? I believe the answer is yes. It doesn't specifically say the right to sue. It says the right to sue. Where is that in the record? I don't have that in front of me, but it's clearly in the record and it's certainly in the complaint and it's in the jurisdictional statement in the opening brief. But doesn't the right to sue letter cover his complaint of employment discrimination? In other words, it circles back to the statute and the regulations which relate to the complaint on the employment discrimination, not to the settlement. There's no reason to interpret it that way. Well, there is a reason to interpret it that way because if you read the word complaint as it's used in the regulations, you have to ask yourself, well, complaint about what? And it's not just the complaint like I have a complaint against you. I don't like this. It's a complaint in the legal sense. So I think that the question we're struggling with is that this complaint in the legal sense seems to be grounded on a complaint of employment discrimination, which is different than a suit on a contract. The choice of remedy is given to the employee in 1614 504A and 504B. Once the employee makes the choice that he wishes to enforce a settlement agreement and seeks review from the commission, that's what he gets to proceed de novo in federal district court on. I would argue that it would be inappropriate if he sought to enforce the agreement and then start all over again in federal district court. He already made his choice. Certainly he has that choice. I would also call your attention to these, what I refer to here is the supplemental memo that was filed on Friday, which had originally been filed in February, I believe, 22nd, 2008, which addresses these issues and in particular the district court in Kraft v. Johans had addressed these issues as well and determined that the other circuit courts as well have determined it would be antithetical to Congress's strong commitment to conciliation if there was no federal forum for enforcement of conciliation agreements. The fourth circuit case. May I ask you on the regulation 1614.504B, it talks about if a complainant is not satisfied that the settlement agreement has been complied with, then the issue goes to the commission for determination. That's correct. So that happened in this case? Yes, it did. Okay, and then you're saying that the right to sue letter you got from the commission was as a result of the commission's determination regarding the allegation that the settlement agreement had not been complied with? The commission, I don't want to spend a lot of time on it, there was really a procedural morass in this case created by the Navy. The commission first in 2005 reviewed the settlement agreement, found that the Navy had not yet complied but still had time to comply, that the agreement, the key terms, career enhancing training, were ambiguous and that several key terms were not yet defined and remanded it to the Navy to report back and do a preliminary investigation. That process repeated in different iterations. It became quite a mess. We asked the commission to take hold and provide a briefing schedule and instead they issued an opinion without us ever having an opportunity to be heard. So the second time they wrote that any training would do, which was exactly the same ruling, the opposite of the ruling that they had issued just a year ago. Is the short answer no, that the EEOC did not give you a letter, a right to sue letter, on the assertion that the settlement agreement had been breached? The answer is yes, the EEOC did give notice of a right to sue. So the EEOC said that the Navy was in compliance, correct? The second time you could interpret that way, yes. Well, that's what we're looking at here. So then you don't go to 1614.504C because the agency didn't determine, the commission didn't determine that the agency was not in compliance, which is subpart C. Instead they can determine that the what happens there other than you proceed with your lawsuit, correct? That's correct. But then you have a contract action against the United States where you have to get into a sovereign immunity, potential waiver of sovereign immunity question, which is, it's a quirk with the Navy. It wouldn't happen if this was, you know, the Bank of Hawaii or someone else. So how do you square the contract action against the Navy here where there's not any waiver of immunity? Well, I would respectfully disagree that it's not a contract action. It's still an action to enforce the settlement. Well, we may or may not disagree with you on that, but you might want to reserve, you only have two minutes left, and I wondered if you wanted to reserve that for rebuttal. I thought I had three minutes left, but I was going to reserve it for rebuttal. Well, I'm looking at the digital clock, so that's my only, so we'll reserve that for rebuttal. All right, thank you. May it please the Court, Thomas A. Helper on behalf of the defendants. On the issue of subject matter jurisdiction, I have to say I found myself persuaded by the District Court's opinion that it did in fact have very limited subject matter jurisdiction over the breach of settlement agreement claim and the claim that the denial of training itself was an act of retaliation. I don't believe that the right to sue letter is in fact in either the excerpts of record or the supplemental excerpts of record, and I have to confess that I've not looked at it in quite a while here. My recollection is that it did in fact cover both those issues. It did or did not? It did. It covered the retaliation issue as well as the underlying discrimination issue? That is my recollection, but I think it would be appropriate for the parties to supplement the record with that document. Well, I guess I know that you might agree with the District Court, but I assume you would also agree that we have an obligation de novo to take a look at subject matter jurisdiction. Yes. So I think this seems to be an odd case if you look at the regulation 1614.504, because as counsel just said, in the end the Commission said the training was fine in effect on the second round, and the regulation talks about what would happen if the agency was not in compliance, and it doesn't talk about what would happen if the Commission said the agency was in compliance. So where does that leave us in terms of the jurisdictional basis for this lawsuit? I think that, as the District Court found, that if you look at 504 in isolation, there's no waiver of sovereign immunity there. And that you do have to look more broadly at the purposes of the regulations and of the Title VII in general to find subject matter jurisdiction, and to find that, given the remedial nature of Title VII and the purpose and the broad view this Court has taken as well of Title VII, that when you read the regulation in its entirety and you look at the remedies available, when you get a complainant gets an adverse decision from the EEOC and then has the opportunity to take that up to the Office of Federal Operations, and then an adverse decision from the OFO is, in fact, there's an appeal to this Court provided for in the regulations. Where? Yeah, just help me out on that. 1614.405A. Okay. So there it says the complainant can either ask that the terms be implemented or go ahead with the lawsuit. And if you say, I want the terms implemented, then it goes back to the agency to implement, correct? Are you talking about 405? Are you on 504 or 405? What are you on? He said 405. 405A, yes. Okay. That's when you, the decision on appeal is the final decision, right? Right. Yes. But I do think it is limited to the issues as 405 is limited to either specific performance or to reinstatement of the underlying EEO case, which had to do with, actually, it had nothing to do with VLS training. It had to do with the fact that he couldn't go to certain training sessions called engineering working group sessions that somebody consulted with his son somehow and that he had certain duties taken away, none of which were the VLS duties, which he, in fact, never had. So that would be what would be reinstated. But importantly, at oral argument before the district court, the plaintiff disclaimed any intention of proceeding with reinstatement of his charges and wanted only to have specific performance. In fact, asked for a lot more than specific performance, but he certainly disclaimed reinstatement of the charges. So counsel, in this case, is it your recollection that the decision informed the complainant that he had a right to sue? Yes. On the settlement agreement? That is my vague recollection, your honor. Well, let me ask you a different way. Maybe this goes to sort of a mootness issue in an odd way, because if we agree with what I think is your interpretation, which is that the settlement agreement didn't specify any kind of specific training, and he did get training, he didn't get this particular training, but he did get other training, albeit beyond the, what, one-year period. So he has now received that training. Does that in a way make this case moot, or do we need to look at the merits of that? I think you probably do have to look at the merits of the training. I mean, if we, you know, gave him useless training that had no effect on his career, then I think that you'd have to look at the training that was provided. But I think that the plaintiff did concede that training outside the one-year period did, was career-enhancing. Well, we'll have to ask him, but I thought he conceded that, you know, that was still legitimate training, and that this training did enhance his career. It's just that he still somehow thought that the VLS training was mandated by some aspect of his case. Well, I think that the problem with the plaintiff's argument is there's really two separate claims here. There's a claim for a breach of contract, and there's a claim for retaliation. And plaintiffs keep blurring those two arguments. So if you look at the breach of contract argument separately, or that claim separately, there's no mental state to that. There's no motivation that you're looking at. We either complied with the settlement agreement or we didn't. It doesn't matter what the state of the mind of the decision-maker was. And that's the essence of show is a breach, not a malicious breach. But if we complied with the settlement agreement, then that part of the analysis drops out of the picture. And this alleged promise, the parole evidence of an alleged promise to provide one particular kind of training, the VLS training, also drops out of the picture in addition to the district court's reasoning on parole evidence. So then you just have a straight Title VII retaliation McDonald-Douglas case, and you look at did the Navy provide a reason for not giving him the particular training? It did. And has plaintiffs overcome that argument or that assertion with specific and substantial evidence of retaliatory motive? He has not. As a matter of fact, if you look at the plaintiff's career, he really got a very extensive training that allowed him to substantially enhance his career, to stay in Japan, to do good and actually do it very well. If we look at the breach of the settlement agreement as a contract claim, would the district court have jurisdiction over that and the fact that generally contract claims are heard in the court of claims? So how would the district court have jurisdiction to hear what has been described as a contract action pretty much universally? Well, I think then you have to look at the regulations as a waiver of sovereign immunity, as the district court did. I think that's the only way you could get to it. It wouldn't matter if there's a waiver of sovereign immunity if exclusive jurisdiction over contract claims is vested in the court of claims. It's not a waiver of immunity issue. It's the proper court. No, that's correct. Jurisdictional court. So how do we resolve that? No, I think that's right. You'd have to say that if it's a contract argument that exclusive jurisdiction would be at the court of federal claims. But of course the problem with that is that that court doesn't have equity jurisdiction for specific performance, does it? Correct. And therefore, and since this isn't a money claim but a specific performance claim, then he would be out of luck if he ended up in the court of federal claims. And I'm hastily going back over my federal jurisdiction basic principles here, but I think that's right that under the Little Tucker Act or under the Tucker Act. Yeah, he'd be in the Tucker Act in the court of federal claims, being in the Little Tucker Act in the district court, but there's no money. Right, he's asking for specific performance and that would be jurisdictional coverage. I did want to make one other important point that I think is not adequately addressed in my brief. That has to do with the standard of review. The plaintiff is really, really pushing to have court, this court and the district court, look beyond the four corners of the agreement to his career history, to this alleged promise, to all sorts of other things to determine what the meaning of career enhancing training is. And what he really wants with the parole evidence, he's arguing for, it's an ambiguous phrase, the career enhancing training phrase. He's really trying to supplement the record with an alleged agreement that directly contradicts the terms of the agreement and the district court appropriately rejected that and under the ruling. But then the court went on to actually do exactly what the plaintiff wants, which is to look at the career history and some of the other things, and again determine that the career history, the plaintiff's career history, his claims to be a career missile engineer, that that didn't help the plaintiff. That even if you look at exactly what the plaintiff wants, wanted him to look at, that the district court found that the career enhancing training phrase did not require VLS training. The standard of review for that is clearly erroneous, not de novo. Was there a right to sue letter on the retaliation claim? My recollection is that there was, but I still have to supplement the record with the right to sue letter. Right, so probably there's a stronger basis for jurisdiction on the retaliation action than on the settlement agreement, because that's not a contract. Right, it would be just a classic Title VII, you know, just if the contract is a settlement agreement that never existed and he asked for training, he didn't get it, that's arguably an advance for personnel action, so you go into the McDonnell Douglas. I'm sorry, I didn't mean to interrupt. Did you want to finish the thought? No, I was moving on to a different thought. Is there a difference in equal employment law between a settlement agreement entered into prior to a determination by the EEOC as opposed to one entered into after? Under the reasoning, for the purpose of subject matter jurisdiction, your honor, I think there is not. I think that... So the Fourth and the Tenth Circuits are just all wet in your view? I wouldn't go that far. I think that, given the perhaps more liberal jurisprudence of this court, that the district court appropriately determined that the district court decisions that he relied on or cited as persuasive precedent. So you want us to create a circuit conflict? I prefer... As I say, I'm persuaded by the district court's reasoning on this and... I mean, it's a curious thing because, of course, you represent the Secretary of the Navy, not the EEOC. Yes. Is this something that we ought to get the EEOC's view on in your view? Yes. I think that certainly would make sense. Is there a practical difference when you drive these two complaints? The second amended complaint had two counts, right? Yes. Count one said, we entered into a settlement agreement. You were supposed to provide me with training. You haven't done it. I want the agreement enforced. That's count one? I think you've stated in a legally accurate way, I'm not sure that's exactly what count one says, but I think that you've done it. That's the essence of it. Yes. Count two is, you withheld that training from me because of my prior complaints about age and racial discrimination, correct? Yes. Do they kind of bleed one into the other? I think plaintiffs would very much like them to, but I don't think they should. Well, in this sense, does a resolution of number two wipe out number one? No. In other words, if at the end of the day, the highest court of competent jurisdiction looking at these two claims says, with respect to withholding training, the Navy has lived up to its obligations, period. Full stop. Case is over. I think plaintiffs, again, I find myself oddly arguing against perhaps my own interest here, but I think that under the breach of settlement agreement, the entitlement to VLS training could have two sources. One is the settlement agreement, or some kind of agreement that gives him a right that he wouldn't normally have as an employee. Before I get too confused, is there a difference between these two counts with respect to the kind of training the plaintiff says he's entitled to? No. I didn't think so. He argued for VLS training for both. I didn't think so. Your time has expired. Do you want to sum it up? Well, I just wanted to address that point, the last point. He also might have a claim independently as a retaliation claim, not arising from the settlement agreement, but just saying, hey, everybody gets this kind of training, and you picked out me to retaliate against me, even if it's not a breach of the settlement agreement. It's some independent obligation that the Navy had to provide him with. Did he make that claim? Well, I think that's implicit in his retaliation claim, but he certainly didn't provide any evidence that anybody else ever got this training. To the contrary. Okay, thank you. Mr. Spiegel? If I may just briefly, with regard to the right to sue letter, in the opening brief at page 26, footnote 5 contains the citation to the published in Westlaw decision which contains the right to sue provisions of the decision. With regard to the subject matter, I would point out in the Fourth Circuit case in Fram that specifically the court of claims found that it didn't have jurisdiction because over the breach of a settlement agreement, concluding that federal civil rights statutes were comprehensive and exclusive statutory scheme preempting the court of claims from having jurisdiction. And as the court in Pratt v. Johans determined, as had other circuits, it would be inimical to the civil rights scheme if there was no forum to enforce the agreement. I would like to briefly point out that with regard to the second count of retaliation claim, Mr. Munoz would have the full range of relief under the civil rights statutes in addition to any question of specific performance. And with regard to specific performance being not including damages or if it includes damages, specific performance would include, since it was career enhancing, the probable promotion he would have gotten and then the back pay and other items which are not specifically damages under federal civil rights law but are still part of the relief. And with regard, as we've addressed in the brief more specifically, the training that was provided was not career enhancing as specifically required by his position description that it be extensive specialized training in his area of missile launcher technology and that the Navy regulations require that it look to the not only immediate but the future needs and that the Navy said they were going to have an 80 percent increase. And contrary to what a supervisor said, he still said he needed more vertical launch system missile technicians. His position description had been an issue and as we addressed, his position description written by the supervisor even after the settlement still provided that 87 percent of his duties were for launcher technology. Your time has expired. Do you have a closing remark you'd like to make? Only that with regard to the agreement being ambiguous, in summary judgment, the Navy conceded the agreement was ambiguous and that we needed to go beyond four corners. The Commission found it ambiguous and that the circuit in Pitts v. Nakamura has provided that when it's ambiguous, you look at the intent of the parties and you construe it against the party that drew up the agreement. Thank you. Thank you. Thank you for the citation on the right to both counsel for your argument. Munoz v. England is submitted and we'll next hear argument in Kwok v. Frank. Thank you.
judges: Hawkins, McKeown, Rawlinson